UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BILLY DALE WELLESLEY,            )
                                 )
         Plaintiff,            )    3:10-CV-00183-LRH-RAM
                                 )
v.                               )
                                 )    ORDER
Chief Financial Officer, and Officers, John )
Does and Jane Does, of CAPITAL ONE )
BANK,                            )
                                 )
         Defendants.           )
                                 )

      Before the court is Defendant Capital One Bank's Chief Financial Officer ("CFO") and Officers' (collectively "Defendants") Motion to Dismiss (#9[1]).[2]  Plaintiff Billy Dale Wellesley has not responded.

**I.    Facts and Procedural History[3]**

      This action arose out of Plaintiff's attempts to settle his debts on the three credit cards

---

[1] Refers to the court's docket entry number.

[2] Defendants also list Capital One Bank (USA), N.A., a national association, as a defendant in this case. (Mot. Dismiss (#9) 1.) However, Plaintiff did not name Capital One Bank among the defendants in this action. (*See* Compl. (#6) 2.)

[3] The court has taken the following facts primarily from the complaint.  Because the court considers this case on a motion to dismiss for failure to state a claim, the court accepts the allegations in the complaint as true. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).

issued by Capital One Bank. On September 28, 2009, Plaintiff sent an offer to pay to Capital One Bank. (Compl. (#6) 3.) After not receiving a response, on October 28, 2009, Plaintiff sent a "default letter" offering Defendants a second chance to accept or reject his offer. (Compl. (#6) 3.) Defendants have not responded to the letter. (Compl. (#6) 3.) On November 15, 2009, Plaintiff sent a "final default" to which Capital One Bank also did not respond. (Compl. (#6) 3.) Plaintiff alleges that the failure of Defendants to respond discharged his debt. (Compl. (#6) 3.)

Further, Plaintiff alleges that since October 28, 2009, Defendants have been harassing him by calling him up to twelve times per day. (Compl. (#6) 3.) Plaintiff sent to Capital One Bank a notice to stop the alleged phone harassment. (Compl. (#6) 4.) Although Capital One Bank received Plaintiff's notice, Plaintiff alleges that the CFO has neither adjusted the books to reflect the discharge of Plaintiff's debt nor ordered Capital One Bank's employees or officers to stop harassing Plaintiff. (Compl. (#6) 4.)

Plaintiff subsequently filed this suit alleging that Defendants committed a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692(p), and invaded his privacy.[4]

---

[4] In addition, Plaintiff alleged violations of 42 U.S.C. § 1983 and 18 U.S.C. § 1514. Regarding Plaintiff's cause of action under 42 U.S.C. § 1983, the court finds that this statute does not apply to the present action. The statute prohibits state officials from depriving citizens of "any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. In this case, while Plaintiff invoked jurisdiction pursuant to 42 U.S.C. § 1983, Plaintiff did not allege a violation of any constitutional right. Moreover, Plaintiff's claim under § 1983 fails because it makes no showing that the CFO and Officers of a private bank are state actors. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) ("the party charged with the deprivation must be a person who may fairly be said to be a governmental actor") (internal quotation marks and citation omitted).

As to the claim of harassment alleged under 18 U.S.C. § 1514, the court finds that the statute is not applicable to the circumstances of this case. The statute provides that a district court, upon application of the attorney for the government, shall issue a temporary restraining order prohibiting harassment of a victim or a witness in a federal criminal case. 18 U.S.C. § 1514. Since the present action is not a criminal case, and Plaintiff is neither the victim nor a witness in a federal criminal action, Plaintiff cannot state a claim for relief under § 1514.

Plaintiff also states additional state law claims in his complaint. Specifically, Plaintiff lists mental aggravation as a cause of action. (Compl. (#6) 4.) Because mental aggravation is not an independent cause of action for which relief can be granted under Nevada law, the court will dismiss this claim.

**II.     Legal Standard**

Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (internal quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50.

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* (citation omitted). However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951)

---

Further, Plaintiff asserts that Defendants harassed him. (Compl. (#6) 4.) However, Nevada law provides for a claim of harassment only under a criminal statute. *See* Nev. Rev. Stat. § 200.571(1). Since the present case is civil, Plaintiff cannot state a claim of harassment for which relief can be granted.

Plaintiff also lists double jeopardy among the violations that Defendants allegedly committed. (Compl. (#6) 4.) Because double jeopardy is a procedural defense invoked only in criminal proceedings, it does not apply to civil cases. *See Hudson v. United States*, 522 U.S. 93, 95-96, 99 (1997) (holding that Double Jeopardy Clause applies only to criminal penalties). Accordingly, Plaintiff cannot state a claim for double jeopardy.

Finally, Plaintiff seeks specific performance. (Compl. (#6) 4.) However, specific performance is a remedy, and not an independent claim for which relief can be granted.

3

(alteration in original) (internal quotation marks omitted).  The court discounts these allegations because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.)  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally.  *Bernhardt v. Los Angeles County*, 339 F.3d 290, 295 (9th Cir. 2003).  "[A] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks and citations omitted).

**III.  Discussion**

Plaintiff alleges Defendants violated the FDCPA and invaded his privacy.  Defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that (1) Defendants are not debt collectors under the FDCPA, and (2) Plaintiff failed to plead sufficient facts to state a claim of invasion of privacy.  The court will address these arguments below.

**A.  Fair Debt Collection Practices Act Claim**

Plaintiff alleges that Defendants violated the FDCPA by attempting to collect the allegedly discharged debt.  The FDCPA protects consumers from abusive practices of debt collectors, which are parties whose primary purpose is "the collection of . . . debts owed or due or asserted to be owed or owed another."  15 U.S.C. § 1692(a)(6).  The FDCPA's definition of debt collectors does not include creditors collecting money on their own behalf.  15 U.S.C. § 1692(a)(4).

Defendants argue that Plaintiff failed to allege that Defendants are debt collectors under the FDCPA.  (Defs.' Mot. Dismiss (#9) 7: 24-26).  The court agrees.  The facts in the complaint indicate that Capital One Bank issued Plaintiff three credit cards and that Plaintiff owed a debt on

4

1  these credit cards that he attempted to discharge by sending an offer of settlement.  (*See* Compl.
2  (#6) 3.)  As a result, Defendants attempted to collect from Plaintiff the debts owed to Capital One
3  Bank, not debts owed to another.  Accordingly, the court finds that Capital One Bank is a creditor,
4  and as such, it is not subject to FDCPA.[5]  *See* 15 U.S.C. § 1692(a)(4) (defining a "creditor" as any
5  person who offers and extends credit creating a debt or to whom a debt is owed); *see also Moya v.*
6  *Chase Cardmember Serv.*, 661 F. Supp. 2d 1129, 1132 (N.D. Cal. 2009) (noting that a credit card
7  company that attempted to collect the debt owed to it by sending collecting notices was not a debt
8  collector within the scope of FDCPA).

9        Moreover, under the statute, the term "debt collector" does not include "any officer or
10 employee of a creditor while, in the name of the creditor, collecting debts for such creditor."  15
11 U.S.C. § 1692(a)(6)(A).  Accordingly, the court finds that Capital One's CFO and unidentified
12 officers are not debt collectors and that FDCPA does not apply to their actions to recover Plaintiff's
13 debt to Capital One Bank.  As a result, the court will dismiss this claim.

14       **B.  Invasion of Privacy**

15       Plaintiff alleges that Defendants infringed on his right to privacy.  (Compl. (#6) 4.)  In the
16 context of actions alleging illegal debt collection practices, a plaintiff has a cause of action under
17 Nevada law for invasion of privacy where a plaintiff can show "unreasonable intrusion upon her
18 seclusion."  *Pittman v. J.J. Mac Intyre Co. of Nev., Inc.*, 969 F. Supp. 609, 613-14 (D. Nev. 1997)
19 (citations omitted).  "To recover for the tort of intrusion, a plaintiff must prove the following
20 elements: (1) an intentional intrusion (physical or otherwise); (2) on the solitude or seclusion of
21 another; (3) that would be highly offensive to a reasonable person."  *Id.* (citing *Kuhn v. Account*

---

[5] The FDCPA is not wholly inapplicable to creditors. In particular, the Act specifies that "any creditor, who in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts," will be considered a debt collector for FDCPA liability. 15 U.S.C. § 1692(a)(6). However, the allegations in the complaint do not suggest that this exception applies to the present case. If Plaintiff believes this exception applies, he may add relevant facts to an amended complaint.

1  *Control Tech., Inc.*, 865 F. Supp. 1443, 1447-48 (D. Nev. 1994)).  In addition, to state a claim for
2  the invasion of privacy, a plaintiff must show that he had an actual and objectively reasonable
3  expectation of seclusion or solitude.  *Id*.

4        Defendants argue that Plaintiff has not stated an invasion of privacy claim because the
5  factual allegations in the complaint do not support the elements necessary to state this claim.
6  Indeed, apart from the allegation that Defendants repeatedly made phone calls with the intent to
7  collect Plaintiff's debt, Plaintiff fails to state how the allegedly harassing phone calls invaded his
8  privacy.  Plaintiff does not offer any allegations suggesting that the time or manner of the phone
9  calls was offensive.  The complaint does not specify whether Defendants called Plaintiff at his
10 home or at work, and whether they called at inappropriate times.  *See Kuhn*, 865 F. Supp. at 1448
11 (finding that a plaintiff stated a claim for invasion of privacy where defendant repeatedly called the
12 plaintiff's workplace because the plaintiff "had a reasonable expectation of privacy at her work
13 during the working hours that arises from a desire to be left alone to perform the duties for which
14 she was hired").

15       Further, the court finds that the allegations in the complaint do not indicate that Defendants'
16 actions were highly offensive.  Under Nevada law, a court considers the following factors in
17 deciding whether a particular action is "highly offensive": "the degree of intrusion, the context,
18 conduct and circumstances surrounding the intrusion as well as the intruder's motives and
19 objectives, the setting into which he intrudes, and the expectations of those whose privacy is
20 invaded." *Id.* at 1449 (citations omitted).  Apart from the allegation that Defendants called Plaintiff
21 up to twelve times a day, the complaint does not state any facts relevant to the context and
22 circumstances of these calls.  Because the complaint does not contain sufficient factual allegations
23 suggesting that Defendants conducted themselves in a manner that was highly offensive to a
24 reasonable person, the court finds that Plaintiff has failed to state the invasion of privacy claim.

25

26

Accordingly, the court will dismiss this claim.[6]

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (#9) is GRANTED. Plaintiff shall have thirty (30) days from the entry of this order to file an amended complaint.

IT IS SO ORDERED.

DATED this 20th day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[6] If Plaintiff amends his complaint, he may state additional facts relevant to the invasion of privacy claim.